IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

LESTER BRAD,

    Petitioner,

vs.

JOSE VASQUEZ,

    Respondent.

CIVIL ACTION NO.: CV206-048

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Lester Brad ("Brad"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, has filed a petition for writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2241. Respondent filed a Motion to Dismiss, and Brad filed a Response. For the reasons which follow, Respondent's Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

After a jury trial, Brad was convicted[1] in the Middle District of Georgia on one count of violating 21 U.S.C. § 846 and one count of violating 21 U.S.C. § 841(a)(1). Brad was sentenced on each count to life imprisonment. (Pet., p. 2.) Brad filed an appeal, and the Eleventh Circuit Court of Appeals affirmed. Brad filed a motion to vacate his sentences pursuant to 28 U.S.C. § 2255. The Middle District of Georgia denied this motion. (Pet., p. 6.) Brad filed a previous section 2241 petition in this Court, which was dismissed due to Brad's failure to satisfy the savings clause of 28 U.S.C. § 2255.

---

[1] Brad's criminal case was not accessible via PACER, and, as a result, the Court has relied on Brad's recitation of his criminal proceedings.

AO 72A
(Rev. 8/82)

In the instant petition, Brad asserts that his due process rights were violated because his sentences were improperly enhanced. Brad cites <u>United States v. Booker</u>, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), <u>Blakely v. Washington</u>, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), and <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. d 435 (2000), in support of his assertion.

Respondent avers that Brad's petition fails for two (2) reasons and should be dismissed. First, Respondent contends that Brad has not shown that he is entitled to use section 2255's savings clause to proceed under § 2241. Second, Respondent contends that Brad's petition sets forth claims pursuant to <u>Blakely</u> and <u>Booker</u>, and these cases do not apply retroactively to cases on collateral review. (Mot., p. 3.)

## DISCUSSION AND CITATION OF AUTHORITY

Ordinarily, a motion collaterally attacking a conviction is filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255; <u>Sawyer v. Holder</u>, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a section 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." <u>Wofford v. Scott</u>, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

2

AO 72A
(Rev. 8/82)

28 U.S.C. § 2255, ¶ 5 (emphasis supplied). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Accardi v. Blackwell, 412 F.2d 911, 914 (5th Cir. 1969).[2]

Brad has styled his action as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. He asserts that the remedy afforded under section 2255 is inadequate or ineffective to challenge the legality of his detention because a section 2241 petition "is the proper forum to challenge an illegal sentence." (Pet., p. 7.)

Courts which have addressed whether remedies under § 2255 are inadequate or ineffective have found them to be so in very limited circumstances. See In re Dorsainvil, 119 F.3d 245, 248-49 (3d Cir. 1997) (holding that § 2255 remedy inadequate when intervening change in law decriminalizes conduct and petitioner is barred from filing successive petition); Cohen v. United States, 593 F.2d 766, 771 n.12 (6th Cir. 1979) (holding that § 2255 remedy ineffective where petitioner was sentenced by three courts, none of which could grant complete relief); Stirone v. Markley, 345 F.2d 473, 475 (7th Cir. 1963) (explaining that § 2255 remedy potentially ineffective where sentencing court refused to consider a § 2255 petition or unreasonably delayed consideration of petition); Spaulding v. Taylor, 336 F.2d 192, 193 (10th Cir. 1964) (holding that § 2255 remedy ineffective when sentencing court was abolished). None of the circumstances of these cases exists in the case *sub judice*.

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

3

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

Brad bases the claims set forth in his petition on the Supreme Court's decisions in Apprendi, Blakely, and Booker. However, the Supreme Court has not made its decisions in these cases retroactively applicable to cases on collateral review to allow for the filing of a second or successive section 2255 motion. See In re Dean, 375 F.3d 1287, 1290 (11th Cir. 2004). Nor are these cases retroactively applicable to cases on collateral review. See Varela v. United States, 400 F.3d 864, 867 (11th Cir. 2005). Brad was sentenced in the Middle District of Georgia on September 21, 1991, and the Eleventh Circuit Court of Appeals affirmed his convictions and sentences on June 21, 1994. Apprendi was decided on June 26, 2000; Blakely was decided on June 24, 2004, and Booker was decided on January 12, 2005. To allow Brad to have his requested relief pursuant to these cases would constitute a "new rule" under Teague v. Lane, 489 U.S. 288, 109 S. Ct. 1060, 103 L. Ed. 2d 334 (1989).

Brad has failed to present evidence that his claims are based on a retroactively applicable Supreme Court decision or that he was foreclosed on a previous occasion from making the same allegations as he does in the instant petition. Simply because Brad was

4

AO 72A
(Rev. 8/82)

unsuccessful in his previously filed § 2255 motion, the remedy afforded by section 2255 cannot be deemed to be inadequate or ineffective to challenge the legality of his detention. In short, Brad has not satisfied the requirements of § 2255's savings clause. See Wofford, 177 F.3d at 1244.

Brad cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as filed pursuant to § 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). Brad is doing nothing more than "attempting to use § 2241. . . to escape the restrictions of § 2255." Wofford, 177 F.3d at 1245.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss (Doc. No. 7) be **GRANTED** and that Brad's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 19th day of September, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)